IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**FARRIED JASSIEM,**

Plaintiff,

v.  Civil Action No. 3:18CV180

**JEFFERY CRAWFORD,** *et al.,*

Defendants.

## MEMORANDUM OPINION

By Memorandum Order entered on April 27, 2018, the Court conditionally docketed Plaintiff's action. At that time, the Court directed Plaintiff to submit a statement under oath or penalty of perjury that:

(A) Identifies the nature of the action;
(B) States his belief that he is entitled to relief;
(C) Avers that he is unable to prepay fees or give security therefor; and,
(D) Includes a statement of the assets he possesses.

*See* 28 U.S.C. § 1915(a)(1). The Court provided Plaintiff with an *in forma pauperis* affidavit form for this purpose. Because Plaintiff failed to complete and return the *in forma pauperis* affidavit, by Memorandum Opinion and Order entered on May 30, 2018 the Court dismissed the action without prejudice. (ECF Nos. 14, 15.) By Memorandum Order entered on June 19, 2018, the Court denied a series of motions Plaintiff mailed before receiving the Memorandum Opinion and Order dismissing his case. (ECF No. 23.)

On June 20, 2018, the Court received a motion from Plaintiff, entitled, "Motion to Considerable and Vacate Judgment 5/30/18" that will be construed as a motion under Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion," ECF No. 13). *See MLC Auto., LLC v. Town*

*of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (stating that filings made within twenty-eight days after the entry of judgment are construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Plaintiff does not explicitly address any of the above recognized grounds for relief in his Rule 59(e) Motion. However, the Court construes Plaintiff to argue that the Court should grant his Rule 59(e) Motion "to correct a clear error of law or prevent manifest injustice."

Echoing his previous motions, Plaintiff believes that the Court mishandled his case and that there is a "strong relationship between the Court in general and the above Defendants." (Rule 59(e) Mot. 2.) Plaintiff contends that he filed the *in forma pauperis* affidavit required in this case. He did not. Plaintiff filed a similar affidavit in different case, but he never filed requisite affidavit in the instant case, resulting in its dismissal. Plaintiff was required to follow the directives of the Court, and because of Plaintiff's failure to follow the directives of the Court, this action was dismissed without prejudice.

Next, Plaintiff claims that the Court has mishandled his cases and believes that there is a conspiracy between the Court staff and the detention facility. The Court already explained why

that argument is frivolous. Plaintiff fails to demonstrate that the Court's dismissal of this action amounted to manifest injustice or that the dismissal must be vacated to prevent clear error of law. Plaintiff fails to establish that Rule 59(e) relief is appropriate. Accordingly, Plaintiff's Rule 59(e) Motion (ECF No. 24) will be DENIED.[1]

The Clerk is DIRECTED to send a copy of this Memorandum Order to Plaintiff.

It is so ORDERED.

Date: 7/11/18
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge

---

[1] The dismissal of this action was without prejudice. Plaintiff may bring a new civil action raising his claims if he so desires. However, Plaintiff is reminded that, in order to have his claims considered, he must follow the directives of the Court.